IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

GLENN PICCO and FRANCINE PICCO,

Plaintiffs,

v.

KELLY R. GLENN, D.O., VALLEY VIEW HOSPITAL ASSOCIATION, BRUCE D. LIPPMAN, II, M.D., and GLENWOOD MEDICAL ASSOCIATES,

Defendants,

---

## COMPLAINT FOR DAMAGES AND JURY DEMAND

---

Plaintiffs, Glenn and Francine Picco, through her attorneys, Bogue & Paoli LLC, submit their Complaint for Damages and Jury Demand and alleges as follows:

### PARTIES

1. Plaintiffs reside in Nantucket, Massachusetts. At all relevant times Plaintiffs Glenn and Francine Picco were married.

2. Upon information and belief and at all relevant times, Defendant Kelly R. Glenn was a physician licensed to practice medicine in Colorado. Dr. Glenn is believed to be currently practicing emergency medicine in Bakersfield, California.

3. At all relevant times Valley View Hospital Association was a nonprofit corporation in good standing located in Glenwood Springs, Garfield County, Colorado. Upon information and belief, Valley View Hospital Association ("Valley View") employed the nurses, technicians, therapists, hospitalists and other personnel who provided care and treatment to Glenn Picco during all relevant times. Also, at all relevant times, these personnel were acting within the

course and scope of their employment or agency.

4. Upon information and belief and at all relevant times, Defendant Bruce D. Lippman II, M.D., was a physician licensed to practice medicine in Colorado with his primary place of business located in Glewnwood Springs, Colorado.

5. Upon information and belief, Glenwood Medical Associates is a clinical practice of medicine located in Glenwood Springs, Colorado. Upon information and belief the Glenwood Medical Associates employed various personnel who provided care and treatment to Glenn Picco, including nurses, medical assistants, physicians assistants and other personnel who were acting within the course and scope of their employment or agency.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs by this reference.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1) as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(a) since the defendant doctors, Valley View Hospital, and Glenwood Medical Associates have their principal place of business in Colorado, or a substantial part of the events or omissions giving rise to these claims occurred within this judicial district.

## CERTIFICATION

Pursuant to §13-20-602(3)(a), C.R.S. 2004, Plaintiff certifies as follows:

9. Counsel has consulted with health care professionals with expertise in the area of the alleged negligent conduct as set forth in Plaintiffs' Complaint.

10. The experts who have been consulted have reviewed all known facts relevant to the

allegations of negligent conduct set forth in Plaintiffs' Complaint, including medical records from Valley View Hospital, and Glenwood Medical Associates, pertinent radiology, and pertinent medical literature

11. Based upon these facts, these experts have concluded the filing of the claims against the above-named Defendants do not lack substantial justification within the meaning of §13-17-102(4), C.R.S.; and

12. To the extent required, the experts who have reviewed all known facts relevant to the allegations of negligent conduct as contained in Plaintiffs' Complaint meet the requirements set forth in §13-64-401, C.R.S. 2004.

### GENERAL ALLEGATIONS

13. Plaintiffs incorporate the preceding paragraphs by this reference. Unless stated otherwise, the allegations set forth in this section of the Complaint are made upon information and belief.

14. While visiting his wife's parents' home in Redstone, Colorado on December 25, 2010, Christmas Day, Glenn Picco passed out. When he awoke, he complained of a severe headache, and his family called the paramedics.

15. Glenn Picco was then taken to the Emergency Department at Valley View Hospital ("Valley View ED") by ambulance.

16. Emergency physician Kelly Glenn, D.O. assumed the care and treatment of Mr. Picco, who presented with complaints of severe frontal/facial headaches, light headedness, and history of two recent syncopal episodes. Mr. Picco was markedly hypertensive with blood pressures 184/110 and higher.

17. Medical considerations by Dr. Glenn included acute coronary syndrome, anxiety,

hypertension and seizure disorder.

18. Laboratory samples were taken. Cardiac enzymes were within normal limits. The chemistry panel was normal with the exception of increased glucose. Uninalysis was within normal limits. CBC was not concerning. ECG was reportedly normal with no ST changes.

19. Dr. Glenn's clinical impression or diagnosis was syncope and hypertension.

20. Mr. Picco was provided Resterol and hypertension medication and discharged from the Emergency Department later on December 25, 2010.

21. On December 27, 21010, Glenn Picco presented to Bruce Lippman II, M.D. with three episodes of passing out, head (temple) pain, and tail bone pain. His blood pressure was elevated.

22. Dr. Lippman's assessment included syncope and a recommendation to see a cardiologist; low back pain with a consideration of an MRI if the low back pain does not resolve and elevated blood pressure.

23. On December 28, 2010 Glenn Picco called an acupuncturist who explained that he could not treat Mr. Picco until he was seen for an MRI or a CT scan for his intense fainting spells.

24. On December 29, 2010, Dr. Lippman's office noted that the cardiologist would not accept Mr. Picco as a patient because he was uninsured. Dr. Lippman's office recommended options to Mr. Picco including looking at Mr. Picco's heart with an echo and cardiac event monitor.

25. On January 1, 2011, New Year's Day, Glenn Picco collapsed at home and was said to be aphasic and hemiparetic.

26. On January 1, 2011, Glenn Picco was taken by ambulance to Valley View

Emergency Department where he was diagnosed with an intracranial bleed.

27. On January 1, 2011 Glenn Picco was transferred to St. Mary's Hospital and Medical Center in Grand Junction, Colorado where he was diagnosed with a right frontal intracranial hemorrhage secondary to a ruptured anterior communicating artery aneurysm.

28. On January 1, 2011 Glenn Picco was transferred to Swedish Medical Center in Englewood, Colorado where he was diagnosed and treated for a subarachnoid hemorrhage secondary to a ruptured anterior communicating aneurysm.

29. The admitting history and physical noted that Mr. Picco apparently had a sentinal hemorrhage on Christmas Day.

30. On January 31, 2011 Glenn Picco was discharged from Swedish Medical Center and transferred to the Northern Colorado Rehabilitation Hospital in Loveland, Colorado until discharge on March 16, 2011.

31. Glenn Picco suffers and will continue to suffer from permanent brain damage, dysphasia, communicating hydrocephalus, cognitive deficits, motor, gait and balance deficits and other related injuries, damages and disabilities.

## FIRST CLAIM FOR RELIEF
### (Defendant Kelly Glenn, D.O.)

32. Plaintiffs incorporate the preceding paragraphs by this reference.

33. With respect to the care and treatment of Glenn Picco, Defendant Kelly Glenn, D.O. (Defendant Glenn) owed a duty to exercise that degree of skill, care, caution, diligence and foresight exercised by and expected of physicians in his specialty and under similar circumstances.

34. Defendant Glenn breached his above-described duty and was negligent in his care

and treatment of Mr. Picco, including, but not limited to:

    A. Failing to take a reasonably complete history from Mr. Picco;

    B. Failing to reasonably and properly evaluate and examine Glenn. Picco;

    C. Failing to reasonably and properly diagnose Glenn Picco's condition;

    D. Failing to reasonably and properly treat Glenn Picco's condition;

    E. Failing to order reasonable and appropriate diagnostic tests for Mr. Picco;

    F. Failing to consult with or refer Mr. Picco to an appropriate medical specialist;

    G. Failing to reasonably and properly inform and discuss with Mr. Picco the risks of his condition, including intracranial pathology, including brain aneurysm and associated bleeding, and the risk of death;

    H. Failing to provide reasonable instructions to Mr. Picco .

35. As a direct and proximate result of the acts and omissions of Defendant Glenn, Plaintiffs Glenn Picco and Francine ("Fran") Picco have suffered injuries, damages and losses. Glenn Picco has suffered a ruptured aneurysm in his brain, and subarachnoid hemorrhage and related bleeding which has resulted in brain damage. His injuries are permanent and include physical damage, emotional distress and pain and suffering. His injuries have been and will continue to be painful, disabling and incapacitating. He is permanently impaired including cognitive deficits, dysphasia, motor, gait and balance deficits, communicating hydrocephalus and other injuries, deficits and disabilities. He may have suffered an aggravation to a pre-existing condition. Plaintiffs have spent monies on hospitalizations, surgeries, rehabilitations, anesthesia, tests, rehabilitative equipment, medicines and related expenses. Plaintiffs will be forced to spend monies in the future on doctors, medicines, tests, hospitalizations, rehabilitations, therapies, surgeries, equipment and related costs and expenses.

Plaintiff Glenn Picco has suffered a loss of income and will continue to suffer a loss of income and will suffer a loss of time and earning capacity as well as home services. He has suffered a loss of his ability to enjoy a full and useful life.

## SECOND CLAIM FOR RELIEF

### (Defendant Valley View Hospital)

36. Plaintiffs incorporate the preceding paragraphs by this reference.

37. While Mr. Picco was a patient at the Valley View Emergency Department, Valley View, acting through its nurses, agents and employees, all of whom were acting within the course and scope of their employment or within their authority as agents, was negligent in its care and treatment of Plaintiff including, but not limited to:

   A. Failing to provide proper and reasonable nursing care during Mr. Picco's visit to the Emergency Department;

   B. Failing to properly and reasonably monitor, assess, care for and chart Mr. Picco's condition;

   C. Failing to develop and follow reasonable policies and procedures ;

   D. Failing to timely and reasonably communicate with physicians and other medical personnel regarding Mr. Picco's condition and the history obtained;

   E. Failing to reasonably utilize the nursing chain of command; and

   F. Failing to hire, retain and supervise qualified nurses and other employees, including Dr. Glenn.

38. As a direct and proximate result of Defendant Valley View's acts and omissions, Plaintiffs have suffered injuries, damages and losses as set forth above.

## THIRD CLAIM FOR RELIEF

### (Bruce D. Lippman II, M.D.)

39. Plaintiffs incorporate the preceding paragraphs by this reference.

40. With respect to his care and treatment of Glenn Picco, Bruce D. Lippman II, M.D., ("Defendant Lippman") owed a duty to exercise that degree of skill, care, caution, diligence and foresight exercised by and expected of physicians in his specialty and under similar circumstances.

41. Dr. Lippman was negligent in his care and treatment of Mr. Picco, including but not limited to:

    A. Failing to take a reasonably complete history from Mr. Picco;

    B. Failing to reasonably and properly evaluate and examine Glenn Picco;

    C. Failing to reasonably and properly treat Glenn Picco's condition;

    D. Failing to order reasonable and appropriate diagnostic tests for Mr. Picco;

    E. Failing to consult with or refer Mr. Picco to an appropriate medical specialist;

    F. Failing to reasonably and properly inform and discuss with Mr. Picco the risks of his condition, including intracranial pathology, including brain aneurysm and associated bleeding and the risk of death.

    G. Dr. Lippman is also vicariously liable for any acts and omissions of his nursing and office staff who were acting within the course and scope of their employment.

42. As a direct and proximate result of the acts and omissions of Dr. Lippman, the Plaintiffs have suffered injuries, damages and losses as described above.

## FOURTH CLAIM FOR RELIEF

### (Glenwood Medical Associates)

43. Plaintiffs incorporate the preceding paragraphs by this reference.

44. While Mr. Picco was a patient at Glenwood Medical Associates, acting through its nurses, medical assistants and other personnel, all of whom were acting within the course and scope of their employment or within their authority as agents, Glenwood Medical Associates was negligent in its care and treatment of the Plaintiff Glenn Picco, including, but not limited to:

   A. Failing to provide proper and reasonable nursing care during Mr. Picco's office visit;

   B. Failing to reasonably and properly monitor, assess, care for and chart Mr. Picco's condition;

   C. Failing to develop and follow reasonable policies and procedures;

   D. Failing to timely and reasonably communicate with Dr. Lippman and other physicians and personnel regarding Mr. Picco's condition.;

   E. Failing to supervise and hire qualified nurses and other employees.

45. As a direct and proximate result of Defendant Glenwood Medical Associates' acts and omissions, the Plaintiffs have suffered injuries, damages and losses as set forth above.

## FIFTH CLAIM FOR RELIEF

### (Loss of Consortium)

46. Plaintiffs incorporate the preceding paragraphs by this reference.

47. At all relevant times, Glenn Picco and Francine Picco were husband and wife.

48. As a direct and proximate result of the acts and omissions of Defendants and each of them, Francine Picco has suffered a loss of consortium and other related damages and losses as set forth above.

WHEREFORE, Plaintiffs pray that the Court enter an Order of Judgment in favor of

Plaintiffs, and each of them, against the Defendants, and each of them, for compensatory damages in an amount to be determined by the trier of fact, for costs, interest as provided by law, and for such other relief as the Court deems appropriate.

PLAINTIFFS REQUEST TRIAL TO A JURY.

                                   **BOGUE & PAOLI LLC**

                                   */s/ Alfred Paoli, Jr.*

                                   By_____
                                        Alfred Paoli, Jr.
                                        1401 17th Street, Suite 320
                                        Denver, CO 80202
                                        Phone: 303-382-1990
                                        Fpaoli@bridgeband.com
                                        Attorneys for Plaintiff

Plaintiff's Address:
8 Millbrook Rd
Nantucket, MA  02554