IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02858-RM-MJW

GLENN PICCO and
FRANCINE PICCO,

Plaintiff(s),

v.

KELLY R. GLENN, D.O.,
VALLEY VIEW HOSPITAL ASSOCIATION,
BRUCE D. LIPPMAN, II, M.D., and
GLENWOOD MEDICAL ASSOCIATES,

Defendant(s).

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiffs' Motion to Compel the Supplemental Deposition of Defendant, Bruce D. Lippman, M.D. (docket no. 54), is GRANTED for the following reasons. The supplemental deposition of Defendant Lippman shall be completed no later than November 25, 2013. The parties shall forthwith meet, confer, and reset Defendant Bruce D. Lippman, M.D.'s supplemental deposition for an additional one hour. The supplemental deposition shall be limited in scope to the undisclosed information listed below. Plaintiffs shall be given 20 days after the continued supplemental deposition of Defendant Lippman to supplement their expert reports. Defendants will be given an additional 20 days after the supplemental expert reports are served upon Defendants to supplement their expert reports. Each party shall pay their own attorney fees and costs for this motion. Plaintiffs shall pay the costs for the supplemental deposition of Defendant Lippman.

Defendant Lippman was deposed on July 16, 2013, for approximately five hours. A deponent may not be deposed for a second time unless the party seeking the additional deposition first obtains leave from the court. Fed. R. Civ. P. 30(a)(2). Leave shall be granted subject to the principles in Rule 26(b)(2), such as when the sought-after information could not have been obtained in the first deposition. Furthermore, the party seeking the additional deposition shall demonstrate "good cause" before a court should grant such a request for a second deposition. Although it appears that Plaintiffs were aware of the change in the Glenwood Medical Associates' electronic record system, it is also clear that Defendant Lippman's appointment ledger documenting Plaintiff's request for an appointment and the reasons for that request as documented

2

by Glenwood Medical Associates (i.e., appointment notes relating to Plaintiff Glenn Picco) were not available to Plaintiffs when they deposed Defendant Lippman. This relevant information should have been provided to Plaintiffs prior to the deposition of Defendant Lippman so that Plaintiffs could have a fair and full opportunity to question Defendant Lippman. For these reasons, the motion should be granted.

Date: October 21, 2013