IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02858-RM-MJW

GLENN PICCO and
FRANCINE PICCO,

Plaintiff(s),

v.

KELLY R. GLENN, D.O.,
VALLEY VIEW HOSPITAL ASSOCIATION,
BRUCE D. LIPPMAN, II, M.D., and
GLENWOOD MEDICAL ASSOCIATES,

Defendant(s).

**ORDER REGARDING**
**(1)  DEFENDANT KELLY R. GLENN, D.O.'S MOTION TO COMPEL THE**
**DEPOSITION OF PLAINTIFF GLENN PICCO (DOCKET NO. 57);**

**(2) BRUCE D. LIPPMAN, II, M.D. AND GLENNWOOD MEDICAL ASSOCIATES'**
**JOINDER IN DEFENDANT KELLY R. GLENN, D.O.'S MOTION TO COMPEL THE**
**DEPOSITION OF PLAINTIFF GLENN PICCO [DOCKET NO. 57] (DOCKET NO. 60);**

**AND**

**(3) VALLEY VIEW HOSPITAL ASSOCIATION'S JOINDER IN DEFENDANT KELLY**
**R. GLENN, D.O.'S MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF GLENN**
**PICCO [DOCKET NO. 57] (DOCKET NO. 62)**

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant Kelly R. Glenn, D.O.'s Motion to

Compel the Deposition of Plaintiff Glenn Picco (docket no. 57).

The court has reviewed the subject motion (docket no. 57), Bruce D. Lippman, II,

M.D. and Glennwood Medical Associates' Joinder in Defendant Kelly R. Glenn, D.O.'s

Motion to Compel the Deposition of Plaintiff Glenn Picco [doc. 57] (docket no. 60),

Valley View Hospital Association's Joinder in Defendant Kelly R. Glenn, D.O.'s Motion

2

to Compel the Deposition of Plaintiff Glenn Picco [doc 57] (docket no. 62), the Plaintiff's

Response to Defendant Kelly R. Glenn, D.O.'s Motion to Compel the Deposition of

Plaintiff Glenn Picco (docket no. 64), and the Replies (docket nos. 67, 68, and 69).

In addition, the court has taken judicial notice of the court's file and has considered

applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and case law.

The court now being fully informed makes the following findings of fact, conclusions of

law, and order

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.   That I have jurisdiction over the subject matter and over the parties
     to this lawsuit;

2.   That venue is proper in the state and District of Colorado;

3.   That each party has been given a fair and adequate opportunity to
     be heard;

4.   That the basis for jurisdiction in this case is diversity of citizenship
     under 28 U.S.C. § 1332(a)(1);

5.   That Fed. R. Evid. 601 states:

     Every person is competent to be a witness except as

     otherwise provided in these rules.  However, in civil actions

     and proceedings, with respect to an element of a claim or

     defense as to which State law supplies the rule of decision,

     the competency of a witness shall be determined in

     accordance with State law.

3

6.   That the claims brought by the Plaintiffs in their Complaint are State law claims, and thus Colorado state law on competency to be a witness applies in the case;

7.   That the determination of the competency of a witness is a matter within the trial court's sound discretion.  People v. District Court, 647 P.2d 1206 (Colo. 1982), Howard v. Hester, 338 P.2d 106, 108 (Colo. 1959);

8.   That under Colorado law, "a trial court's determination of the competency of a witness is aided by the presumption that the witness is competent to testify. . . .  If a witness has the capacity to observe, recollect, communicate and understand the oath to tell the truth, [he] is competent to testify and any mental deficiency is considered only insofar as it affects the weight to be given [his] testimony."  People v. Alexander, 724 P.2d 1304, 1307 (Colo. 1986) (citation omitted).  See People v. Alley, 232 P.3d 272 (Colo. App. 2010); People v. Piro, 671 P.2d 1341 (Colo. App. 1983); § 13-90-101, C.R.S.;

9.   That the purpose of Rule 601 is to create a broad presumption of competency except where other Rules explicitly render a party incompetent or where governing State law disqualifies the witness. Rule 601 abolishes any remnant of federal common law affecting competency.  Under federal common law, some grounds for incompetency included: religious belief, conviction of a crime,

4

insanity, infancy, and interest in the litigation.  This Rule also

renders inapplicable so-called dead man's statutes in cases where

State law does not control.  In essence, Rule 601 effectively shifts

the focus from witness competency to credibility in cases where

federal principles at common law apply.  An alleged infirmity often

considered be a threshold question of competency at common law

is now frequently considered an issue of credibility for the trier of

fact;

10.    That Plaintiff Glenn Picco testified under oath on the record in his

Social Security Disability Hearing before Social Security

Administrative Law Judge  (ALJ) Mackay on May 17, 2013.  See

exhibit 10 attached to Plaintiff's Response (docket no. 64-10) filed

on October 15, 2013.  In particular, see time entry 3:13:57 p.m. in

docket no. 64-10 which shows Plaintiff Glenn Picco was placed

under oath.  ALJ Mackay, by allowing Plaintiff Glenn Picco to

testify, did, *in essence*, find that Plaintiff Glenn Picco was

competent to testify, noting that under either Fed. R. Evid or Colo.

R. Evid.104(a) the court [i.e., ALJ Mackay] must decide any

preliminary question concerning the qualifications of a person to be

a witness;

11.    That Suzanne Kenneally, Psy.D., a Colorado licensed psychologist

who specializes in neuropsychology, has opined that Plaintiff Glenn

Picco has the ability to remember and discuss pre-stroke events.

5

Dr. Kenneally has concluded to a reasonable degree of medical probability that:

a. While Mr. Picco has residual cognitive deficits in the areas of processing speed, sustained attention, and new learning, his neuropsychological testing also indicates several areas of preserved average functioning;

b. While a review of the available neuropsychological test results shows that Mr. Picco has residual cognitive deficits from his stroke of January 1, 2011, Mr. Picco's executive functioning was measured to be in the average range;

c. Mr. Picco continues to be regularly employed;

d. Mr. Picco has a driver's license and is able to drive an automobile without restrictions;

e. Mr. Picco's current memory functioning is intact, but it is compromised by this decreased ability to intake and consolidate new information;

f. Given Mr. Picco's full scale IQ scores in the average range on both Dr. Johnson's and Dr. Rossie's evaluations, it can be considered that Mr. Picco's long-term memory has not been negatively impacted by this stroke in 2011;

6

g.    There is no indication in the neuropsychological test scores obtained by Dr. Johnson and Dr. Rossie that Mr. Picco would be unable to participate in a deposition or court proceeding;

h.    Mr. Picco's test results clearly indicate that he has the capacity to "observe, recollect, communicate and understand, the oath to the tell the truth, and to testify."  See p. 2 Exhibit A (Record Review report dated September 18, 2013 attached to subject motion (docket no. 57);

12.   That Timothy J. Leopore, M.D., F.A.C.S., is Mr. Picco's current primary care doctor.  Dr. Leopore has opined that Mr. Picco has dementia.  Furthermore, Dr. Leopore has opined that Mr. Picco could be instructed to tell the truth but that he cannot understand the duty to tell the truth.  In other words, Dr. Leopore has indicated that Mr. Picco cannot take an oath and therefore is incompetent to testify.  Lastly, Dr. Leopore has opined that Mr. Picco is not capable of understanding questions and providing answers.  See Response (docket no. 64) attached Exhibit 7;

13.   That George V. Rossie, Ph.D., is a neuropsychologist specializing in clinical psychology and neuropsychology.  Dr. Rossie has opined that Mr. Picco has some intact pre-stroke memories, but because of his brain injury, he is generally unreliable regarding the accuracy of

some pre-stroke events and appears to be confabulating.  In
addition, Dr. Rossie has opined that Mr. Picco has confabulated a
sequence of events preceding his stroke which he believes to be
true and accurate but is not real.  This is known as anosagnosia,
which is when a person cannot appreciate that he has a serious
psychiatric illness.  Lastly, Dr. Rossie has opined that Mr. Picco
cannot take an oath and give honest and truthful answers to
questions that he may be asked during his deposition.  See
Response (docket no. 64) attached Exhibit 1;

14.     That section 13-90-106(1)(a), C.R.S., states, *in pertinent part*:

        (1)  The following persons shall not be witnesses:

                (a) Persons who are of unsound mind at the time of
                their production for examination.

When the mental state of a witness is challenged, the question of
competency is for the court, while the question of credibility remains
for the jury.  People v. McGhee, 677 P.2d 419, 422 (Colo. App.
1983).  In this case, Mr. Picco is asserting that he is incompetent to
testify at a deposition, and therefore he carries the burden of proof
to demonstrate that he is not competent to testify.  People v.
Gillisipie, 767 P.2d 778, 781 (Colo. App. 1988); and

15.     That in considering and weighing the totality of the evidence
presented, I find that Mr. Picco is competent to testify at a
deposition.  Mr. Picco demonstrated his level of competency to

8

testify at his own Social Security Disability Hearing on May 17,

2013.  Moreover, based upon the findings and opinions of Dr.

Kenneally, outlined above in paragraph 11 a through h, inclusive, I

find that Mr. Picco is competent at this time to testify at a deposition

with breaks as needed during his deposition and with questions that

are phrased in clear, concise, and simple language.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this

court **ORDERS**:

1.    That Defendant Kelly R. Glenn, D.O.'s Motion to Compel the

Deposition of Plaintiff Glenn Picco (docket no. 57) is **GRANTED**;

2.    That Bruce D. Lippman, II, M.D. and Glennwood Medical

Associates' Joinder in Defendant Kelly R. Glenn, D.O.'s Motion to

Compel the Deposition of Plaintiff Glenn Picco [doc. 57] (docket no.

60) is **GRANTED**;

3.    That Valley View Hospital Association's Joinder in Defendant Kelly

R. Glenn, D.O.'s Motion to Compel the Deposition of Plaintiff Glenn

Picco [doc 57] (docket no. 62) is **GRANTED**;

4.    That the parties immediately shall meet, confer, and set the

deposition of Plaintiff Glenn Picco.  Mr. Picco's deposition shall take

place in his hometown of Nantucket, Massachusetts.  Mr. Picco's

deposition shall be limited to four (4) hours actual deposition time,

9

not counting breaks.  If Mr. Picco needs a break every 15 minutes, then breaks will be taken at Mr. Picco's request.  All defense counsel shall ask clear, concise, and simple questions, and no compound questions shall be permitted.  No family member may be present during Mr. Picco's deposition except for Francine Picco who is a Co-Plaintiff in this case. The topics of inquiry that defense counsel may inquiry into with Mr. Picco shall be limited to those topics outlined in paragraphs 1 through 27, inclusive, in docket no. 57-1;

5.  That although this court is allowing the deposition of Mr. Picco with restrictions listed above, the parties are not barred from raising the issue of Plaintiff Glenn Picco's competency to testify at trial before Judge Moore, noting that competency to testify is measured at the time of presentment of the witness.  Judge Moore shall make his own independent determination of Plaintiff Glenn Picco's competency to testify at trial if Mr. Picco is called as a witness at trial; and

6.  That each party shall pay their own attorney fees and costs for this motion.

Done this 6th day of November 2013.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE