IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02858-RM-MJW

GLENN PICCO and
FRANCINE PICCO,

Plaintiff(s),

v.

KELLY R. GLENN, D.O.,
VALLEY VIEW HOSPITAL ASSOCIATION,
BRUCE D. LIPPMAN, II, M.D., and
GLENWOOD MEDICAL ASSOCIATES,

Defendant(s).

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO COMPEL BRANDI COOK, M.A.'S PERSONNEL FILE
FROM DEFENDANT, GLENWOOD MEDICAL ASSOCIATES
(DOCKET NO. 70)**

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Motion to Compel Brandi Cook, M.A.'s Personnel File from Defendant, Glenwood Medical Associates ("GMA") (docket no. 70). The court has reviewed the subject motion (docket no. 70), the response (docket no. 73), and the Reply (docket no. 75). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has reviewed, *in camera*, the personnel file from GMA of Brandi Cook, M.A. (docket nos. 77, 77-1, 77-2, and 77-3), filed under restricted access level 3 consistent with D.C.COLO.LCivR 7.2. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Defendant GMA objects to producing the personnel file of Brandi Cook, M.A., arguing that it "is neither relevant nor reasonably likely to lead to discovery of admissible evidence," and that such personnel file contains highly private and confidential personnel information about Brandi Cook, M.A. In support these arguments, GMA cites Martinelli v. Denver Dist. Ct., 612 P.2d 1083, 1091 (Colo. 1980);

5. That Plaintiffs have the burden to show the relevance of the information [i.e., GMA's personnel file of Brandi Cook, M.A.] and a compelling need for such information. Plaintiffs must further show that it is the least intrusive means to obtain that information;

6. That in balancing those factors as outlined in Corbetta v. Albertson's, Inc., 975 P.2d 718, 720-21 (Colo. 1999), and the Martinelli case, *supra*, I find that Plaintiffs have demonstrated that portions of the GMA personnel file of Brandi Cook are relevant to their theory of the case and on disputed issues of the competency

3

of GMA's care of Plaintiff Glenn Picco, development and implementation of policies, procedures, job descriptions, and supervision and hiring of qualified medical assistants. In addition, Plaintiffs have further demonstrated a compelling need for such portions of the subject personnel file and that Ms. Cook's right to privacy is outweighed by the need for such information. Lastly, I find that the least intrusive means of obtaining this information can be accomplished by this court redacting the subject personnel file and providing only those portions of the subject personnel file that are relevant to the Plaintiffs' theory of the case and on disputed issues in this case as cited in more detail above; and

7. That the following pages from the subject personnel file are relevant and discoverable. They are docket no. 77, pages 3, 4, 5, and 6 and docket no. 77-1, pages 1, 2, 3, 4, and 5. The remainder of the pages from the subject personnel file are not discoverable and are not relevant.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiffs' Motion to Compel Brandi Cook, M.A.'s Personnel File from Defendant, Glenwood Medical Associates (docket no. 70) is **GRANTED IN PART AND DENIED IN PART** as detailed below;

4

2. That on or before January 2, 2014, GMA shall provide to Plaintiffs the following pages:  docket no. 77, pages 3, 4, 5, and 6 and docket no. 77-1, pages 1, 2, 3, 4, and 5 from the GMA personnel file of Brandi Cook, M.A.  Plaintiffs may use pages docket no. 77, pages 3, 4, 5, and 6 and docket no. 77-1, pages 1, 2, 3, 4, and 5 from the GMA personnel file of Brandi Cook, M.A., for the limited purpose of this case only and for no other purpose.  The remainder of the pages from the subject personnel file are not relevant and are not discoverable; and

3. That each party shall pay their own attorney fees and costs for this motion since I find under Fed. R. Civ. P. 37(a)(5)(A)(ii)(iii) that it would be unjust under these circumstances to award expenses.

Done this 17th day of December 2013.

                                  BY THE COURT

                                  s/Michael J. Watanabe
                                  MICHAEL J. WATANABE
                                  U.S. MAGISTRATE JUDGE