IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02858-RM-MJW

GLENN PICCO and
FRANCINE PICCO,

Plaintiff(s),

v.

KELLY R. GLENN, D.O.,
VALLEY VIEW HOSPITAL ASSOCIATION,
BRUCE D. LIPPMAN, II, M.D., and
GLENWOOD MEDICAL ASSOCIATES,

Defendant(s).

### MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      It is hereby ORDERED that Plaintiffs' Motion to Compel the Supplemental Depositions of Brandi Cook, M.A. and Karen Gentry, R.N. and for Appropriate Sanctions Against Defendant Glenwood Medical Associates (docket no. 93) is GRANTED after careful consideration of Fed. R. Civ. P. 26(b)(2), Beecham v. City of West Sacramento, No. CIV S-07-1115 JAM EFB, 2008 WL 4661457, *1 (E.D. Cal. Oct. 16, 2008), and for the following reasons outlined below.

      It is FURTHER ORDERED that Plaintiffs may take a third supplemental deposition of Brandi Cook, M.A., and Karen Gentry, R.N.  Each deposition shall be limited to 45 minutes.  Each party shall pay their own attorney fees and costs for this motion.

      I find that Defendant Glenwood Medical Associates' ("GMA") argument that the parties agreed to limit the scope of the second depositions of Brandi Cook, M.A., and Karen Gentry, R.N., to only questions about the untimely produced handwritten section of Ms. Cook's employee review and not to the relation of such exhibit to other testimony and evidence in this case is not supported by the e-mails as relied upon by GMA in exhibit A attached to GMA's Response (docket no. 95).  The only agreement in such e-mails is an agreement to limit the length of the second depositions to 45 minutes.  Accordingly, the evidentiary objections as outlined in detail within the subject motion (docket no. 93) by GMA are overruled.  In addition, I find that Plaintiffs, during these third supplemental depositions of Brandi Cook, M.A., and Karen Gentry, R.N., shall be permitted to ask questions regarding the untimely produced handwritten section of Ms.

2

Cook's employee review and its impact, connection, and relationship to prior exhibits and testimony.  I further find that the questions that were objected to by GMA as outlined the subject motion (docket no. 93) are relevant and may lead to admissible evidence at trial.  Further, I find that Plaintiffs have established good cause to allow a third supplemental deposition of Brandi Cook, M.A., and Karen Gentry, R.N. within the scope outlined above.  Lastly, I find, in this court's discretion, that under the facts and circumstances of this dispute concerning the scope of the second depositions of Brandi Cook, M.A., and Karen Gentry, R.N., that to impose sanctions would not be appropriate under the totality of the circumstances of this dispute.  See Carroll v. Allstate Fire & Casualty Ins. Co., No. 12-cv-00007-WJM-KLM, 2014 WL 859238, at *7 (D. Colo. Mar. 4, 2014) (citing Bowers v. National Collegiate Athletics Ass'n, 475 F.3d 524, 538 (3rd Cir. 2007)).

Date: July 9, 2014