IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02858-RM-MJW

GLENN PICCO and
FRANCINE PICCO,

Plaintiff(s),

v.

KELLY R. GLENN, D.O.,
VALLEY VIEW HOSPITAL ASSOCIATION,
BRUCE D. LIPPMAN, II, M.D., and
GLENWOOD MEDICAL ASSOCIATES,

Defendant(s).

## ORDER REGARDING
## PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM (DOCKET NO. 96)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Motion to Compel Production of Documents Pursuant to Subpoena *Duces Tecum* (docket no. 96). The court has reviewed the subject motion (docket no. 96), the responses (docket nos. 107 and 108), the reply (docket no. 113), and Bruce D. Lippman, II, M.D. and Glenwood Medical Associates' Joinder in Defendant Kelly R. Glenn, D.O.'s Response to Plaintiffs' Motion to Compel Production of Documents Pursuant to Subpoena Duces Tecum [docket no. 107] (docket no. 109). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law,

2

and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiffs seek an Order from the court compelling Non Party University of Colorado Hospital ["University Hospital"] to provide information requested in their subpoena *duces tecum* that was served upon University Hospital on May 29, 2014, as outlined below:

   **Any and all clinical care pathways value streams, algorithms, policies, and/or protocols for the University of Colorado Hospital emergency department related to headache, syncope, and hypertension, whether in effect or presently in development.**

   See subpoena *duces tecum* (docket no. 96-1);

5. That Plaintiffs seek the information outlined in the subpoena *duces tecum* above from the Non Party University Hospital to "support their theory of the proper standard of care and to impeach Dr.

3

Zane's proposed expert testimony." See subject motion (docket no. 96) at p. 4, ¶ 9.  Plaintiffs wish to discover whether the policies and procedures of Dr. Zane's own hospital, University Hospital, where he is the Chair of the Department of Emergency Medicine, require the tests to be conducted when someone presents with symptoms and signs similar to those presented by Plaintiff Mr. Picco.  Plaintiffs intend to present evidence that the procedures and protocols in this regard are no different today than they were back in December of 2010.  See docket no. 113 at page 4;

6.  That Defendants collectively and the Non Party University Hospital argue that the subject motion (docket no. 96) should be denied or in the alternative this court should quash the subpoena *duces tecum* because:  (1) the information Plaintiffs request in the subpoena *duces tecum* is entirely irrelevant to any experts' opinions in this case and is not likely to lead to the discovery of admissible evidence, and (2) Plaintiffs failed to serve all parties with a copy of the subpoena *duces tecum* before serving it on the Non Party University Hospital in violation of Fed. R. Civ. P. 45(a)(1)(D)(4).  In addition, Non Party University Hospital further argues that the subpoena *duces tecum* is not limited in time, is inclusive of documents currently in development, and is overly broad and unduly burdensome;

7.  That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines

4

the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil

5

Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);

8. That in a medical malpractice case like the one before this court, the burden is on Plaintiff to establish a *prima facie* case of negligence by showing that defendant failed to conform to the standard of care ordinarily possessed and exercised by members of the same school of medicine practiced by defendant. The standard of care in a medical malpractice action is measured by whether a reasonably careful physician of the same school of medicine as defendant would have acted in the same manner as did the defendant in treating and caring for plaintiff. Melville v. Southward, 791 P.2d 383 (Colo. 1990);

9. That Non Party University Hospital has failed to present any convincing facts that suggest that the subject subpoena *duces tecum* is overly broad and that responding to the subpoena *duces tecum* will be unduly burdensome to the Non Party University Hospital. Moreover, the Non Party University Hospital has failed to demonstrate that the volume of documents that would be responsive to the subpoena *duces tecum* is numerous. In addition, this court can issue a protective order for such information consistent with Fed. R. Civ. P. 26(c) and D.C.COLO.LCivR 7.2;

6

10. That "District courts have regularly denied motions to quash [subpoenas] based on failure to provide notice in the absence of a demonstration of prejudice to the moving party." Hammer v. Vital Pharmaceuticals, Case No. 11-4124 (MAS)(DEA) (D.N.J. May 24, 2014) (copy filed by plaintiffs - Docket No. 113-1). Here, the Non Party University Hospital and the Defendants have failed to demonstrate any real prejudice from a lack of notice concerning the subject subpoena *duces tecum*. However, in the future, Plaintiff and all other parties to this lawsuit should comply with Fed. R. Civ. P. 45(a)(4); and

11. That the information requested in the subject subpoena *duces tecum* may lead to admissible evidence at trial with respect to Dr. Zane's proffered expert testimony and Plaintiff's theory of the case and may also be admissible for impeachment of Dr. Zane and is discoverable. The admissibility of such information at trial shall be determined by Judge Moore.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiffs' Motion to Compel Production of Documents Pursuant to Subpoena *Duces Tecum* (docket no. 96) is GRANTED;

2. That on or before September 15, 2014, Non Party University of

        Colorado Hospital shall respond to Plaintiff's subpoena *duces tecum* that was served upon University Hospital on May 29, 2014, within the following scope: **Hospital documents that require a physician to order a non-contrast CT or a lumbar puncture (LP) when someone presents to the emergency room with symptoms and signs similar to those presented by Plaintiff (presumably suffering from syncope, hypertension and headache) for the years 2010 through the present**;

3. That the information from the subpoena *duces tecum* that was served upon University Hospital on May 29, 2014, may be used by the parties to this lawsuit in this case only and for no other purpose; and

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 20th day of August 2014.

                                  BY THE COURT

                                  s/Michael J. Watanabe
                                  MICHAEL J. WATANABE
                                  U.S. MAGISTRATE JUDGE