IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02858-RM-MJW

GLENN PICCO and
FRANCINE PICCO,

Plaintiff(s),

v.

KELLY R. GLENN, D.O.,
VALLEY VIEW HOSPITAL ASSOCIATION,
BRUCE D. LIPPMAN, II, M.D., and
GLENWOOD MEDICAL ASSOCIATES,

Defendant(s).

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      It is hereby ORDERED that Plaintiffs' Motion for Reconsideration and/or Clarification of this Court's Order Regarding Plaintiffs' Motion to Compel Production of Documents Pursuant to Subpoena Duces Tecum, and Motion to Compel the Continued Deposition of Richard Zane, M.D. or, in the Alternative, to Strike Richard Zane, M.D., as An Expert Witness (docket no. 140) is DENIED for the following reasons.

      In the subject motion (docket no. 140), Plaintiffs seek an Order from this Court clarifying this Court's Order of August 20, 2014 (docket no. 117), to order University of Colorado Hospital to produce any and all clinical care pathways, value streams, algorithms, policies, and/or protocols for the University of Colorado Hospital emergency department related to headache, syncope, and hypertension, whether in effect or presently in development. Plaintiffs further pray that this Court order Dr. Zane to sit for one additional hour of deposition without further compensation or, in the alternative, strike Dr. Zane as an expert witness in this case.

      The Court finds that a Motion for Reconsideration is not a proper forum to rehash old arguments. See National Business Brokers, Ltd. v. Jim Williamson Prods. , Inc., 115 F. Supp.2d 1250, 1256 (D. Colo. 2000). Furthermore, there are only three grounds which warrant reconsideration: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. Here, Plaintiffs have not argued any change in the controlling law or any new evidence. Instead, Plaintiffs argue that the Court should revisit its previous Order (docket no. 117) because the relief granted was not the relief

2

Plaintiffs' meant to request.  This Court fully understood the relief that Plaintiffs sought when it entered its Order (docket no. 117).  Plaintiffs previously argued they subpoenaed Hospital documents to see what tests the Hospital required.  This Court relied on that argument when it was presented to the Court.  See both docket nos. 96 and 117.  Apparently, Plaintiffs have now changed their argument which does not equate to clear error by the court, nor does it equate to manifest injustice when this Court entered its Order (docket no. 117).  This Court further finds that my Order (docket no. 117) does not need clarification.  Further, that this Court's Order (docket no. 117) clearly, concisely, and directly addressed the relief sought by Plaintiffs in Plaintiffs' Motion to Compel Production of Documents Pursuant to Subpoena Duces Tecum (docket no. 96).  Lastly, Plaintiffs' request to take Dr. Zane's continued deposition without further compensation is without merit, and Plaintiffs' alternative request to strike Dr. Zane as an expert witness  is also without merit.

Date: February 2, 2015