IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02858-RM-MJW

GLENN PICCO and
FRANCINE PICCO,

Plaintiff(s),

v.

KELLY R. GLENN, D.O., and
VALLEY VIEW HOSPITAL ASSOCIATION,

Defendant(s).

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Defendant Valley View Hospital Association's Motion to Preclude Plaintiffs from Calling Sylver Brown, R.N., as a Witness at the April 2, 2015 Hearing (docket no. 196) is **DENIED** for the following reasons.

It is **FURTHER ORDERED** that Defendant Kelly R. Glenn, D.O.'s Motion to Preclude Plaintiffs from Calling Kelly R. Glenn, D.O. as a Witness at the April 2, 2015 Hearing (docket no. 202) is **DENIED** for the following reasons.

This matter is set for hearing on April 2, 2015, on Defendant Valley View Hospital Association's Motion to Enforce Settlement Agreement (docket no. 174).  The court originally set the subject motion (docket no. 174) for hearing on March 4, 2015.  Thereafter, Defendant Valley View Hospital Association moved this court to continue the March 4th hearing.  This court granted Defendant Valley View Hospital Association's Motion to Reschedule Hearing (docket no. 176) and reset this hearing to March 10, 2015, at 2:00 p.m.  See docket nos. 178 and 179.  Unfortunately, the March 10, 2015, hearing had to be rescheduled since Judge Watanabe was summoned to jury duty in the Arapahoe County District Court on March 10, 2015, and therefore this case was reset to April 2, 2015, at 2:00 p.m.  See docket no. 183.

The sole issue before this court in the subject motion (docket no. 174) is **whether the documents produced by Defendant Valley View Hospital constitute a complete audit trail pursuant to the Basic Terms of Settlement.**  It is undisputed that Defendant Valley View Hospital Association agreed, as part of the settlement with plaintiffs, to produce a complete audit trail to plaintiffs.

2

Here, I find that the activities of various employees of Defendant in the electronic medical record is directly on point to the issues at hand. Sylver Brown, R.N., is a nurse who did not treat Mr. Picco [plaintiff] on January 1, 2011, but who apparently accessed Mr. Picco's chart on January 1, 2011, and January 2, 2011, hours after he had been transferred to St. Mary's Hospital & Medical Center, based upon the testimony of Beth Chow, the Valley View Hospital Risk Manager, during her deposition testimony. See Transcript of Beth Chow Dep. 154: 4-17, March 27, 2015. Accordingly, plaintiffs should be permitted to call Sylver Brown, R.N., and Kelly R. Glenn, D.O., at the motion hearing on April 2, 2015, and inquire about accesses into Mr. Picco's medical chart, and the circumstances surrounding the same, in to order to demonstrate to this court that the documents produced by Defendant Valley View Hospital do not constitute a complete audit trail. However, each question asked of Nurse Brown or to Dr. Glenn should not be duplicative of previous questions that she/he has already answered during her/his deposition, and each question needs to be relevant on **whether the documents produced by Defendant Valley View Hospital constitute a complete audit trail.**

Date: April 1, 2015 _____